ELIAKIM E. BYARD *vs.* GEORGE F. PARKER, and a new house
and lot.

Waldo, 1874.—February 11, 1875.

*Liens.   Judgment.*

No authority is conferred upon the courts of this state to grant any judgments *in rem* against houses or real estate.

ON REPORT.

The writ in this case, dated September 18, 1869, commands the officer "to attach a new building, used by George F. Parker of Winterport for a dwelling house by himself, and the lot upon which the same stands," and there particularly described, and to summon the said George F. Parker to appear at the ensuing term of this court for Waldo county, "to answer unto Eliakim E. Byard of Winterport aforesaid, who claims a lien upon said dwelling house and lot, for labor performed in erecting said dwelling house, by virtue of a contract, dated January 5, 1869, with said George F. Parker, for forty dollars, according to the specification hereto annexed, which amount said George F. Parker, who *owns* the same, neglects and refuses to pay, to the damage," &c.   There was no more express assumpsit laid than may be inferred from the foregoing phraseology, nor any statement of indebtedness, as consideration for a promise, unless the word printed "owns" (as above) should have been "owes."   The specification annexed was this:

"GEORGE F. PARKER to ELIAKIM E. BYARD, DR.

1869, June 8.   To amount due on our contract in writing dated January 5, 1869, for finishing outside of your dwelling house, which contract I have executed.   .   .   .   .   $40.00."

It was supported by Mr. Byard's affidavit to its correctness, and contained a description of the property upon which a lien was claimed, of which George F. Parker was said to be the owner, concluding thus: "and I had ceased to labor, or furnish labor or materials for such new building on the twenty-fifth day of June, 1869;" but it purported to be sworn to June 24, 1869, and was recorded in the town clerk's office in Winterport, July 10, 1869. There was a special attachment of the property upon the writ in

this case. The plaintiff put in the written contract of January 5, 1869, and testified to the performance of it on his part, and that he had not been paid.

It was admitted that no notice of the claim of a lien had ever been given to anybody, and that Mrs. Parker, wife of the defendant, owned the land upon which the building was erected. See the next case of *Verrill* v. *Parker and wife and new house and lot.*

*T. W. Vose,* for the plaintiff.

*N. H. Hubbard,* for the defendant.

PETERS, J. This purports to be an action against the defendant and a new house and lot.

The plaintiff is entitled to judgment against the defendant. But we have no power to render any judgment against the house and lot. There can be no *in rem* judgment in a proceeding like this. It will depend upon facts to be shown in other proceedings, whether the attachment of the real estate can be made available to the plaintiff or not. It is only where a notice to the general owners of property attached, is required by law to be given, that an effectual judgment directly against such property can be obtained. That requirement exists only in the case of an attachment of logs and vessels, but not when buildings are attached. The owner of the house and lot is not a party to this suit; nor is there any authority conferred upon this court to make her a party. We have therefore, no power to consider and settle her rights in this action. The writ is appropriate to enforce a lien, as far as this proceeding goes. See R. S., c. 91, § 36; *Sheridan* v. *Ireland,* 61 Maine, 486; *Parks* v. *Crockett,* id., 489.

We see no reason why the plaintiff should not recover the amount of his claim, less one dollar and twenty-six cents, which he inadvertently omitted to give a credit for.

*Defendant defaulted for $38.74,*
*with interest from date of writ.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.